**UNITED STATES of America,**
**Plaintiff,**

v.

**Dale Verne DeREMER, Defendant.**

**No. 4-62-Cr-109.**

United States District Court
D. Minnesota,
Fourth Division.

Sept. 30, 1963.

John J. Connelly, Asst. U. S. Atty., Miles W. Lord, U. S. Atty., Minneapolis, Minn., for plaintiff.

Clay R. Moore, Mackall, Crounse, Moore, Helmey & Holmes, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

This is a prosecution for refusal to submit to induction into the armed services of the United States in violation of 50 U.S.C.App. § 462. The defendant having waived his right to be tried by a jury, the Court heard evidence in this matter on July 11, 1963.

A review of the defendant's status from his initial registration until his refusal to be inducted on December 13, 1961 is in order. In August, 1954, defendant claimed exemption from both combatant and non-combatant service in the armed forces. He claimed to be a conscientious objector—a minister of Jehovah's Witnesses. He received a I–A classification from his local board in that year. An appeal to the Board of Appeal of this State followed, and the Appeal Board referred the case to the office of the United States Attorney for inquiry, hearing, and recommendation. In accordance with standard procedure, a Hearing Officer was appointed by the Department of Justice to interview the defendant and to make a recommendation to the Department of Justice. A personal interview was had with defendant on May 22, 1956, after which the Hearing Officer recommended to the Department of Justice that the appeal not be sustained. The Department of Justice made a similar recommendation to the Appeal Board which denied the appeal and defendant was classified I–A. A copy of the Justice Department's recommendation containing a summary of the Hearing Officer's report and a résumé of the FBI inquiry was made available to defendant prior to the Appeal Board's final action. Defendant was not immediately inducted into the armed forces.

In 1958 he received a IV–F classification because of physical unacceptability. He was given another medical examination in 1959, and in April of that year was found to be physically acceptable and was classified I–A by his local board, but his classification remained I–A. Defendant's employment with Northern Ordnance, Inc., resulted in a temporary II–A classification in August, 1959. That company was engaged in defense contract work with the Navy and defendant was deemed a necessary part of that operation. In July, 1960, he received a I–A classification. Defendant appeared personally before the local board on August 16, 1960. Having failed to secure a change in his I–A classification, he appealed to the Appeal Board.

The Appeal Board, on September 29, 1960, made a tentative finding that defendant was not entitled to a classification lower than I–O. See 32 C.F.R. § 1626.25 for the procedure which is followed when an appeal of a conscientious objector is taken. The matter was then turned over to the United States Attorney for inquiry, hearing and recommendation. The Hearing Officer's report recommending that defendant be classified as a conscientious objector, opposed

to both combatant and noncombatant service, was sent to the Department of Justice on April 13, 1961. On May 2, 1961, the Department recommended to the Appeal Board that defendant be classified I–A–O, opposed *only* to combatant service. A copy of the Department's recommendation was sent to defendant on May 18, 1961. The Department's letter of recommendation contained a summary of the Hearing Officer's report and a résumé of the supplemental inquiry made by the FBI. Accompanying the copy sent to the defendant was a notice allowing him 30 days in which to answer the Department's recommendation to the Appeal Board. Defendant replied to the Appeal Board by letter dated June 12, 1961.

On June 24, 1961, the Appeal Board classified defendant I–A–O—thus following the Department's recommendation and rejecting the Hearing Officer's recommendation. Defendant was ordered to report for induction on December 13, 1961, at which time he refused to step forward to be inducted when so ordered by the attending officers. An information was filed against defendant who entered a plea of not guilty on November 13, 1962. This trial followed.

The principal contention of defendant is that the procedures employed for determining his draft classification deprived him of a "fair hearing." More specifically, defendant argues that a fair hearing means a hearing in which all evidence, favorable and adverse, is made available to the defendant and the Appeal Board. He objects to procedures whereby the Hearing Officer's report and recommendation is only seen by the Department of Justice—not by the defendant or the Appeal Board.

The procedure followed generally and in this case is as follows: The Hearing Officers notified the defendant that a hearing would be had on a particular date. Accompanying this notice was a résumé of the FBI inquiry. The defendant was also informed that he could be accompanied by counsel, could present evidence, and could produce witnesses. The hearing was had, and the results thereof were sent to the Department of Justice in the form of a report and recommendation. Neither defendant nor the Appeal Board were furnished copies of the Hearing Officer's Report. Each learned of the report and its recommendation upon receipt of the Department report and recommendation containing a summary of the Hearing Officer's report.

Thus, two questions must be answered: (1) is a résumé or summary an adequate substitute for a copy of the report itself; (2) if so, is the summary or résumé an accurate and fair presentation of the contents of the report itself. It is my conclusion that both questions must be answered in the affirmative.

Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1954), held that the registrant was entitled to receive a *copy* of the recommendation made by the Department of Justice to the Appeal Board. And since it is this report and recommendation which contain summaries of the Hearing Officer's report and of the FBI report, the failure to produce it for the defendant's use makes it virtually impossible for the defendant to present evidence to rebut or explain away information contained in the Department's report. But this is not the case at bar. Here, this Report was sent to defendant. Defendant claims that not only this report, but the Hearing Officer's report, must be made available to him. This is distinguishable, however, from Gonzales. Here, nothing is being presented to the Appeal Board which is not given to the defendant. Furthermore, unless the summary is inaccurate, it presents all of the factors contained in the original report. Although it might well be the more desirable method to furnish defendant and the Appeal Board copies of the Hearing Officer's report, I cannot say that a fair summary of such reports deprives the defendant of a right to a fair hearing. As was said in Unit-

ed States v. Nugent, 346 U.S. 1, 6, 73 S. Ct. 991, 994–995, 97 L.Ed. 1417 (1952):

"We think the Department of Justice satisfies its duties * * * when it accords a fair opportunity to the registrant to speak his piece before an impartial hearing officer; when it permits him to produce all relevant evidence in his own behalf and at the same time supplies him with a *fair résumé* of any adverse evidence in the investigator's report." (Emphasis added.)

See also Simmons v. United States, 348 U.S. 397, 75 S.Ct. 397, 99 L.Ed. 453 (1955).

■ It is imperative, of course, that if summaries and résumés are to be employed, they must be fair and accurate. This also is the clear inference to be drawn from Nugent and Gonzales. The summary of the Hearing Officer's report, as set forth on pages 2 and 3 of the Department's letter of recommendation, is accurate and fair. It mentions that the Hearing Officer recommended that defendant be granted conscientious objector status as to combatant and noncombatant service. It also lists a number of factors which do not really support the recommendation.

Defendant claims these factors are inaccurate summaries and have been taken out of context. Defendant urges that the Department's summary of the facts would lead one to the conclusion that the Hearing Officer's recommendation was not supported by evidence. The difficulty with defendant's contention is that the summary does reflect the contents and tenor of the Hearing Officer's report. The Hearing Officer found little to support defendant's claim. The reason given for his conclusion perhaps best explains the apparent discrepancy between the facts and the recommendation:

The recommendation of the Hearing Officer made below is made after very genuine doubts and after consideration of the fact that although, theoretically, the burden of proof is on the registrant to establish his grounds of deferment, the Supreme Court of the United States has, in effect, reversed the burden of proof and placed it upon the Government to disprove the assertion. For this reason only, the Hearing Officer makes the following recommendation:

Thus, what might appear to be an inaccurate summary is in fact accurate.

I must conclude that defendant's rights have been well protected since the time of his registration in 1954. He has been afforded every opportunity by his local board to appear before it. He was given opportunity to rebut unfavorable evidence, to present his own, and to do everything within his power to convince the local board and Appeal Board that he was entitled to exemption. All evidence was made available to defendant in either copy or summary form. It is difficult to imagine what further methods or procedures could have more adequately protected this defendant's rights. Nine years have elapsed since his initial registration and classification. These years have seen many reclassifications, hearings, appeals and investigations. The defendant cannot, in good conscience, claim the denial of his rights.

■ Examination of this record, including the proceedings before the local board, the Appeal Board, and the Department of Justice, demonstrates conclusively that the defendant has been accorded every opportunity to prove his claims for exemption. The Selective Service regulations were fully complied with. The order to appear for induction was valid, and the refusal to be inducted constitutes a violation by defendant of 50 U.S.C.App. § 462, as charged in the information.

Defendant's motion for judgment of acquittal is denied.

The Court finds the defendant, Dale Verne De Remer, guilty of the offense charged in the information.

The United States Attorney will please prepare findings.